UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM M. ALEXANDER,

       Petitioner,

                               Case No. 5:16-cv-10307
v.                               Hon. John Corbett O'Meara

PHYLLIS McMILLEN, CHERYL MATTHEWS,
HALA JARBOU, JEFFERY MATIS,
DAVID HOFFMAN, RICHARD SNYDER, and
THE OAKLAND COUNTY SHERIFF'S OFFICE,

       Respondents.
_____/

**ORDER SUMMARILY DISMISSING THE HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

### I. Introduction

Petitioner William M. Alexander recently filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. Petitioner appears to be a private citizen. The respondents are: Phyllis McMillen, Cheryl Matthews, Hala Jarbou, and Jeffery Matis, who are state circuit court judges in Oakland County, Michigan; David Hoffman, who is a referee for the Oakland County Friend of the Court; Michigan Governor Richard Snyder; and the Oakland County Sheriff's Office. Petitioner states on the front page of his habeas petition that the Oakland County Circuit Court has imposed a sentence for him to serve in the future. The remainder of the habeas petition, however, pertains to three civil matters that are pending in the Family Division of Oakland County Circuit Court.

1

Petitioner alleges that, when Oakland County Circuit Judge Cheryl Matthews learned that Petitioner had sued referee David Hoffman, Matthews prevented Petitioner from filing motions in state circuit court by refusing to waive court fees and by remanding him to jail during a closed court hearing.  Petitioner states that he filed a lawsuit against Matthews and Hoffman in federal court, but Matthews and Hoffman nevertheless refused to recuse themselves from the state-court action.  Petitioner contends that Matthews and Hoffman subsequently began to issue unsigned warrants for his arrest and that the Oakland County Sheriff's Office has been seeking to apprehend him even though the warrants are illegal.

Petitioner further alleges that Matthews and Hoffman received financial benefits from Petitioner's child support case and that they placed the money in their pension funds.  According to Petitioner, Matthews and Hoffman also coerced the mother of Petitioner's minor child to pay them bribes so that Petitioner would be impeded in his fight for custody of the child.  Petitioner states that, when he learned of Matthews' and Hoffman's financial dealings, he filed a complaint for the writ of superintending control against them in Oakland County Circuit Court.  He contends that Circuit Judge Phyllis McMillen refused to rule on his complaint and that Governor Snyder meddled in his cases by appointing Hala Jarbou and Jeffery Matis as circuit court judges and by allowing them to preside over Petitioner's cases.  As a result, Petitioner contends that he has three pending cases on the same issue before three different judges in Oakland County Circuit Court and his complaint for writ of superintending control remains unanswered.

Petitioner claims that the respondents have violated his Fourteenth Amendment right to equal protection of the law and his Sixth Amendment right to a fair trial. He seeks to have this Court (1) assert jurisdiction over this action, (2) compel the state circuit court to transfer his complaint for a writ of superintending control to Chief Judge Nanci Grant of the Oakland County Circuit Court, (3) issue a writ of habeas corpus, and (4) enjoin the respondents from taking any further action.

## II. Analysis

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a), a federal court may entertain an application for the writ of habeas corpus only if the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." A habeas corpus petition under § 2254 is further limited to individuals who are "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).

"It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, the writ of habeas corpus is an available federal remedy to a state prisoner who "is challenging the very fact or duration of his physical imprisonment" and who seeks "a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Id.* at 500.

Petitioner has not identified any state-court prosecution that led to his conviction. Nor is he seeking release or a speedier release from imprisonment. In fact, he does not

3

appear to be "in custody." He lists his address as 400 Renaissance Center, Suite 2667, Detroit, Michigan.

Furthermore, this Court has no authority to interfere with the state court's handling of Petitioner's complaint for a writ of superintending control. Although Petitioner seeks a writ of mandamus on the basis that this Court has jurisdiction over "inferior courts," Pet. at 1, federal courts "have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

### III.  Conclusion

Petitioner's claims are not appropriate in a petition for the writ of habeas corpus under 28 U.S.C. § 2254, and this Court has no authority to grant the requested relief. Consequently, the petition for writ of habeas corpus is summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which authorizes federal district courts to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

The Court declines to grant a certificate of appealability because reasonable jurists would not disagree with the Court's resolution of Petitioner's claims, nor conclude that the "issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court also declines to grant leave to proceed *in forma pauperis* on appeal should Petitioner decide to appeal this decision. Although he was permitted to proceed *in forma pauperis* in this Court, *see* ECF No. 3, an appeal could not be taken in good

faith.  Fed. R. App. P. 24(a)(3)(A).  Therefore, Petitioner is not entitled to proceed *in forma pauperis* on appeal.

Date: March 15, 2016                          s/John Corbett O'Meara
                                              United States District Judge


I hereby certify that on March 15, 2016 a copy of this order was served upon Petitioner at 400 Renaissance Center, Suite 2667, Detroit, Michigan  48243 using first-class U.S. mail.

                                              s/William Barkholz
                                              Case Manager

5